**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CR-14-848-2-PHX-SPL (BSB) |
|---|---|---|
| Plaintiff, | ) ) | **ORDER OF DETENTION** |
| vs. | ) ) ) | |
| Joey Michael Thomas, | ) ) ) | |
| Defendant. | ) ) ) ) | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter.  The Court finds that the Government has established: (Check one or both, as applicable)

☒ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☐ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☒ (1) There is probable cause to believe that Defendant has committed the following:

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 *et seq*., 951 *et seq*., or 46 U.S.C. App. § 1901 *et seq*.

☒ an offense under 18 U.S.C. § 924(c)(1)(A)(i-iii), (j) and 2 (Use of a Firearm in

a Crime of Violence Resulting in Murder and Aid and Abet).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☒ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the safety of the community if Defendant were released on conditions.

### Alternative Findings

☐ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
(Check one or both, as applicable)

☒ (1) Alternatively, the Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

1. Defendant, age 21, is a documented member of a violent criminal street gang, Eastside Los Guada Bloods, which has a lengthy history of violence on and near the Salt River,

Pima, Maricopa Indian Community and whose members are recognized by wearing items red in color. Defendant has the tatoo on his arm "Mr. 311," signifying the third ("c") and eleventh ("k") letters of the alphabet, meaning "crip killer." 2. Defendant was the driver of a red Pontiac that transported two other members, including Defendant Elijah Loren Arthur, who allegedly intentionally shot and killed SRPMIC Police Officer Jair Cabrera on May 24, 2014 at approximately 3:00 a.m. on the brightly-illuminated parking lot of the Chevron gas station and convenience store near Pima and Chaparral Roads which is located in the SRPMIC and bordering Scottsdale, AZ. 3. The shooting itself and Defendant's driving and actions shortly before and after the shooting are clearly captured on a sealed video and audio recording from the dash camera of Officer Cabrera's marked police vehicle. In relevant part, the recording depicts Defendant driving the Pontiac westbound and flashing the Pontiac's headlights from low to high beams at or toward the Officer's  eastbound vehicle at a lighted intersection controlled by stop signs on Chaparral Rd.  Defendant was close enough to see and, therefore, know that Officer Cabrera's vehicle was a marked police vehicle. After Defendant flashed his headlights, Officer Cabrera made a U-turn, caught up with Defendant's vehicle, and eventually turned on the police vehicle's siren and red and blue overhead flashing lights, initiating a traffic stop. Passing up closer areas to stop his vehicle on or just off Chaparral Rd., Defendant continued to drive westbound and then turned left (south) into the well-lit gas station's parking lot. Making an unusual turning maneuver and not stopping and parking in the typical manner - perpendicular to the convenience store in a designated parking space - Defendant stopped the vehicle, after positioning it in such a manner, for no apparent reason other than, to provide Arthur with a strategic advantage and optimal position to assist Arthur in shooting Officer Cabrera. Arthur jumped out of the Pontiac quickly, holding a 5.56 mm Rock River Arms' LAR-15 rifle,[1] pivoted around to face Officer Cabrera  and his police vehicle, positioned the firearm on top of the roof of the Pontiac for steady support, and fired two shots, killing Officer Cabrera as he was seated

---

[1] *See* Exhibit 1, ATF Form 4473, described therein as a "pistol," but referred to as a rifle during the detention hearing.

in the police vehicle in the driver's position. 4. Defendant is not a credible and trust-

worthy person that would likely comply with all release conditions if he were released.[2] In

a recorded interview with law enforcement shortly after the shooting and arrest, Defen-

dant lied that he did not know where Arthur obtained the murder weapon. In fact, Defen-

dant knew that Arthur obtained the murder weapon from the Defendant himself who gave

it to Arthur, albeit the circumstances are unknown at this time. The Government's Bureau

of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473, *see* Exhibit 1,

reflects Defendant purchased the murder weapon and a 30 round magazine for cash on

April 17, 2014, a mere five weeks before the shooting, from Easy Money Pawn, a Scotts-

dale federal firearms licensee. ( Exhibit 1)  5. While his age currently allows him to

legally possess and consume alcohol, Defendant has a significant alcohol abuse problem,

but he denies he has a problem and believes that he does not need treatment. Defendant

acknowledged that he attended outpatient substance abuse treatment through Behavioral

Health Services on the SRPMIC in 2011 or 2012,when he would have been a teenager,

but he continues to drink alcohol and use marijuana. He admitted he "normally drinks on

the weekends, and he will consume **nine** cans of beer per sitting. . . [but believes] he has

never abused alcohol." (Sealed doc. 23 at 2-3) (emphasis added).

☐ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

    ☐ Defendant has no significant contacts in the District of Arizona;

    ☐ Defendant has no resources in the United States from which he/she might
    make a bond reasonably calculated to assure his/her future appearance;

    ☐ Defendant has a prior criminal history;

    ☐ Defendant has a record of failure(s) to appear in court as ordered;

---

[2] According to the Government and information about his prior traffic record in the PTS' Report, Defendant was driving on a suspended Arizona driver's license on May 24, 2014. (Sealed doc. 23 at 3)

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any,  except:

_____

☐ In addition:

_____

The Court incorporates by reference the findings of the Pretrial Services report and all supplements, if any, which were reviewed by the Court at or before the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

**IT IS ORDERED** that Defendant is hereby committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142 (i)(3). Upon order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal Service for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

**IT IS FURTHER ORDERED** that should a review of this detention order be filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to

1    the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.

2    Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for

3    review after being served with a copy of this written order, after the oral order is stated on

4    the record, or at some other time the assigned District Judge may set. Failure to timely file

5    a motion for review in accordance with Rule 59(a) may waive the right to review. Rule

6    59(a), Fed.R.Crim.P.

7        **IT IS FURTHER ORDERED** that the issue of detention may be reopened at any

8    time before trial upon a finding that information exists that was not known to the movant

9    at the time of the detention hearing and such information has a material bearing on the

10   issue whether there are conditions of release that will reasonably assure the appearance of

11   Defendant as required and the safety of any other person and the community. Title 18

12   U.S.C. § 3142(f).

13       DATED this 8th day of July, 2014.

14

15

16                                          Lawrence O. Anderson
                                            United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28